UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BARCELONA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA, DEPARTMENT OF JUSTICE; LARRY WALLACE, Director, DOJ Division of Law Enforcement, in his representative capacity; NATHAN DAVALLE, DOJ Special Agent in Charge, in his representative capacity; BRENT E. ORICK, DOJ Special Agent in Charge, in his representative capacity; and CATHERINE GAUTHIER, DOJ Special Agent Supervisor, in her representative capacity,<br><br>　　　　Defendants. | No. 2:14-cv-02389-GEB-DAD<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

　　　　On August 17, 2015, Defendants filed a summary judgment motion, which is noticed for hearing on September 14, 2014. (See ECF No. 8.) On August 21, 2015, Plaintiff filed an ex parte application, in which he seeks to continue the hearing date on Defendant's summary judgment motion until November 2, 2015 or later to "give [Plaintiff] reasonable opportunity to file . . . his own cross-motion [so that] the motions could be heard together and the case could potentially be resolved in its entirety, which would be best for judicial economy." (Pl.'s Appl.

1

2:1-5, 2:18-22, ECF No. 9.) Plaintiff contends "[g]ood cause exists for [the] continuance pursuant to Rule 6(b) of the Federal Rules of Civil Procedure[,]" arguing:

> On or about June 10, 2015, [Plaintiff's] counsel . . . and counsel for Defendants spoke on the phone, during which time, each side mentioned an intent to seek summary judgment. While counsel for Defendants indicated she would file her motion "sooner rather than later," the parties did not discuss dates for filing or hearing a summary judgment motion and [Plaintiff's] counsel . . . did not hear from Defendants' counsel again until being served with the motion. Defendants' counsel did not attempt to meet and confer to coordinate the summary judgment hearing date.

(Id. at 2:6-14.) Plaintiff further argues that "[a]n extension [of the hearing date] . . . would not prejudice Defendants" and indicates his "opposition to Defendants' Motion may remain due on the date currently required (August 31, 2015) or a future date set by the Court." (Id. at 3:21-22, 3:27-4:1.)

Defendants oppose Plaintiff's request for an extension, rejoining that "Plaintiff has failed to show good cause for any continuance." (Defs.' Opp'n 2:1, ECF No. 10.) Defendants argue:

> Plaintiff has had plenty of time to prepare and file his own motion, and knew that defendants were going to move for summary judgment. Defendants would be prejudiced by the continuance because they would then have to file an opposition to plaintiff's motion before defendants' motion was heard, expending time and resources. . . .
>
> Plaintiff would not be prejudiced by the denial of the application. Assuming defendants' motion is denied, plaintiff has plenty of time to file his own motion for summary judgment.

(Id. at 2:1-10.)

2

Plaintiff has not shown sufficient justification for the requested extension. Therefore, Plaintiff's ex parte application is DENIED.

Dated: August 25, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge